**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**AMERICAN SEAFOOD GROUP, LLC**                                                       **PLAINTIFF**

**V.**         **CAUSE NO.: 1:07CV79-SA**

**ULTRA DRYING TECHNOLOGY, LLC**                                         **DEFENDANT**

**ORDER ON MOTION TO DISMISS AND MOTION TO COMPEL ARBITRATION**

Presently before the Court is Defendant's Motion to Dismiss [5] and Plaintiff's Motion to Compel Arbitration [7]. Because the parties essentially request the same relief - arbitration of the Plaintiff's claims - the Court finds these motions well taken.

Plaintiff filed the instant suit on April 6, 2007, alleging the Defendant breached an equipment purchase contract and converted the Plaintiff's property. Defendant filed a motion to dismiss on the basis that the contract entered into between the parties concerning the equipment purchase contained an arbitration clause. Plaintiff then filed a motion to compel arbitration asking that the Court establish and enforce a thirty day deadline for the plaintiff and defendant to agree on an arbitrator. After the end of the thirty day period, if no agreement as to the arbitrator has been made, Plaintiff asks that the Court then submit the matter to the Seattle, Washington, office of the American Arbitration Association for selection of an arbitrator pursuant to the provision in the arbitration clause.

The parties' contract contains a provision entitled "Dispute Resolution," which states:

> Any dispute, claim or controversy of whatever nature, including without limitation the issue of [] arbitrability, and including but not limited to any claim based on contract, tort or statute, arising out of or relating to this Purchase Order , including but not limited to a claim of breach thereof, shall be settled by arbitration by a single arbitrator, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The parties will attempt to agree on a single arbitrator. If they are unable to do so, the arbitration will be referred to the Seattle,

Washington office of the American Arbitration Association.

Congress provided in the Federal Arbitration Act (FAA) that a written agreement to arbitrate, in a contract involving interstate commerce, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In addition, the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1983); Mouton v. Metropolitan Life Ins. Co., 147 F.3d 453, 456 (5th Cir. 1998).

The Fifth Circuit has directed that courts are to perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. OPE Int'l LP v. Chet Morrison Contractors, Inc., 258 F.3d 443, 445 (5th Cir. 2001). First, the court must determine whether the parties agreed to arbitrate the dispute. Id. In conducting this inquiry, the court must determine whether a valid agreement to arbitrate exists, and whether the dispute in question falls within the scope of that arbitration agreement. Id.; Pennzoil Exploration and Prod. Co. v. Ramco Energy Ltd., 139 F.3d 1061, 1065 (5th Cir. 1998). If the court finds that the parties agreed to arbitrate the claims, it must then consider whether any federal statute or policy renders the claims nonarbitrable. OPE Int'l, 258 F.3d at 446. In conjunction with this inquiry, a party seeking to avoid arbitration must allege and prove that the arbitration provision itself was a product of fraud or coercion; alternatively, that party can allege and prove that another ground exists at law or in equity that would allow the parties' contract or agreement to be revoked. Sam Reisfeld & Son Import Co. v. S.A. Eteco, 530 F.2d 679, 680-81 (5th Cir. 1976).

Because both parties acknowledge the arbitration agreement and neither has asserted any

allegations that the agreement is unenforceable, the Court finds the Plaintiff's Motion to Compel Arbitration to be well taken and should be granted. As such, the Plaintiff's claims against the Defendant shall be dismissed without prejudice. If the parties are unable to agree within sixty (60) days to a neutral arbitrator, Plaintiff may file a proper motion at that time.

      SO ORDERED, this the  12th  day of September, 2008.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**